**Doris Simcoe CLAIBORNE, Successor Administratrix W/W/A of the Estate of Maude V. Simcoe, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. C 74–46–L(B).

United States District Court,
W. D. Kentucky,
Louisville Division.

Feb. 23, 1978.

---

George A. Dietrich, Akron, Ohio, Woolsey M. Caye, Louisville, Ky., for plaintiff.

Stephen J. Csontos, Tax Div., Dept. of Justice, Washington, D. C., Albert Jones, U. S. Atty., Louisville, Ky., for defendant.

## MEMORANDUM OPINION

BALLANTINE, District Judge.

This is an action for the refund of federal income taxes in the amount of $176,721.35 paid for the fiscal year ending March 31, 1968. The United States has counterclaimed for interest in the amount of $48,-946.97.

At issue is whether the gain realized from the exchange of farm property is taxable to the *Estate of Maude V. Simcoe* as income in respect of a decedent under 26 U.S.C. Section 691.

The facts are not in dispute. Mrs. Simcoe, the decedent, owned a farm of some 256 acres in eastern Jefferson County, Kentucky. The property had been operated as a farm for many years.

In 1966, Ford Motor Company ("Ford") entered into negotiations with the Louisville and Nashville Railroad Company ("L&N") to have L&N locate and obtain options on property in the Louisville area. Ford planned to construct a large heavy-duty truck plant. L&N, acting through its wholly-owned subsidiary, Houston-McCord Realty Company, began negotiations with various property owners, including Mrs. Simcoe. Mrs. Simcoe's interests were handled largely by her son, Newton Simcoe.

On April 25, 1967, a contract was executed by which, in consideration of $6,000.00, Mrs. Simcoe gave Houston-McCord the right to purchase her farm for $4,000.00 per acre. As a part of the contract, Houston-McCord agreed to permit Mrs. Simcoe to accept part payment of the purchase price in the form of other farm or investment property, which it agreed to help her find. The option extended over a six-month period, with a provision for an extension which is of no significance to this case. The contract recited that if the option were exercised it became a binding agreement upon the parties.

The contract contained 12 conditions precedent that were then in effect or were to be effective on the closing date. It is not argued that any of these conditions was not effected. The closing date was to be 30 days after the option was exercised. Mrs. Simcoe was to retain possession of her residence and a few out-buildings for a year following the closing.

On August 12, 1967, Houston-McCord notified Mrs. Simcoe and other landowners in the vicinity that it was exercising its options. On August 15, pursuant to an agreement with Newton Simcoe, acting under a power of attorney given to him by his mother, Ford took immediate possession of most of the farm and began preliminary site preparation.

After Houston-McCord had exercised its option, together with Newton Simcoe it began trying to locate suitable investment property for Mrs. Simcoe. Offers to sell a farm near Elizabethtown, Kentucky, and an apartment in New Albany, Indiana, were accepted by Houston-McCord and later transferred by it to Mrs. Simcoe or her personal representatives after her death, which occurred October 1, 1967. The combined value of the two properties was $320,-408.45. The balance due was paid in cash to Mrs. Simcoe's coexecutors and amounted to $690,258.36.

Thereafter, the co-executors filed a fiduciary income tax return and excluded therefrom any gain realized from the sale of the farm. After an audit, the Internal Revenue Service determined that the gain resulting from the sale was income in respect of a decedent. A deficiency of $176,721.35 was assessed against the Estate of Mrs. Simcoe. IRS also claimed interest on this deficiency in the amount of $48,946.97. The plaintiff paid the deficiency but not the interest and filed a claim with the District Director for a refund. This action resulted from a denial of that claim.

At issue is the interpretation of the phrase "income in respect of a decedent". Treasury Regulations Section 1.691(a)–1(b) defines the term as, "those amounts to which a decedent was entitled as gross income but which were not properly includable in computing his taxable income for the taxable year ending with the date of his death . . . .".

The pivotal word is "entitled". Defendant urges that Mrs. Simcoe became entitled to the purchase price on the date that Houston-McCord exercised its option. Defendant contends that the 12 conditions precedent had all been met, except for the pro forma act of executing the deed. This argument overlooks the possibility of a default by Houston-McCord, entitling Mrs. Simcoe to no more than liquidated damages as set forth in the contract. Paragraph V(2)(e) of the contract limits Houston-McCord's liability to the consideration it paid for the option. Mrs. Simcoe could not have compelled Houston-McCord to purchase the property had it elected not to perform.

■ The terms of the contract concerning liquidated damages are plain and unambiguous. They are such that they can only reasonably be construed to be a limitation of the rights of the parties, and not security for the performance of the contract. The terms specifically refer to the consideration as liquidated damages. True it is that the Court must look at the entire agreement. If it is clear that the intention of the parties was to limit their rights, the Court must give that interpretation to the contract. The Court must also look at the surrounding circumstances.

■ Here, Houston-McCord was not negotiating for itself but for Ford. Had Ford, for whatever reason, changed its plans, Houston-McCord cannot be found to have intended to purchase the property for itself. Thus, the liquidated damages provision must be interpreted as just that. *See* 71 Am.Jur.2d, *Specific Performance*, Section 58.

■ Defendant further urges that Ford, by taking possession of Mrs. Simcoe's property in August, indicated that the contract would be performed by Houston-McCord and that both Ford and Houston-McCord treated the transaction as having been consummated except for the formal signing of the deed. Whether or not this position has merit, it is agreed that Ford entered the property pursuant to authority granted by Newton Simcoe under the power of attorney referred to above. The reading of that power of attorney raises serious doubt as to the validity of Newton Simcoe's acts. The Court finds no special significance in Houston-McCord's and Ford's activities.

In sum, the Court finds that, at the date of her death, Mrs. Simcoe was not entitled to the amounts yet unpaid by Houston-McCord and that, therefore, the amounts ultimately paid were not income in respect of a decedent as that term is used in Section 691. Since there was no right, there was no taxable income. *Keck v. Commissioner of Internal Revenue*, 415 F.2d 531 (6th Cir. 1969).

In view of a previous settlement of a portion of this litigation, the Court requests counsel for each side to submit a proposed Judgment to be entered.